IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAKE2 TECHNOLOGIES LIMITED, a Cayman Islands company; and THE CHINESE UNIVERSITY OF HONG KONG, a Hong Kong entity,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC BIOSCIENCES OF CALIFORNIA, INC., a Delaware corporation<br><br>Defendant. | C.A. No.:<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL

In accordance with Federal Rule of Civil Procedure 5.2 and District of Delaware Local Rule 5.1.3, Plaintiffs Take2 Technologies Limited ("Take2") and The Chinese University of Hong Kong ("CUHK") (collectively, "Plaintiffs"), by and through their undersigned counsel, respectfully request permission to file the complaint in this action under seal. In support of this motion, Plaintiffs state as follows:

1. "Documents containing trade secrets or other confidential business information may be protected from disclosure." *Leucadia v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993). The presumption of public access is overcome where the material sought to be protected is (1) "the kind of information that courts will protect[,]" and (2) "disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (internal quotation marks and citations omitted).

2. The complaint alleges, among other things, willful infringement based on facts that fall within the scope of non-disclosure agreements between the Plaintiffs and Defendant Pacific Biosciences of California, Inc. ("Defendant"). Plaintiffs do not oppose public disclosure of the

facts contained in the complaint, nor do Plaintiffs believe that such facts rise to the level of "trade secrets or other confidential business information" that would require protection from disclosure. However, publicly disclosing the factual information contained in the complaint could constitute a breach of Plaintiffs' contractual obligations to keep this information confidential. Further, Defendant could claim that public disclosure of the information contained in the complaint would result in injury to Defendant.

       3.     Plaintiffs have also prepared a redacted version of the complaint for filing at the same time as the sealed version.

      WHEREFORE, Plaintiffs respectfully request that the Court enter an Order, in the form attached hereto, granting Plaintiffs leave to file the complaint under seal.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Melanie K. Sharp
_____
Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Taylor E. Hallowell (No. 6815)
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
thallowell@ycst.com

PERKINS COIE LLP
Michael J. Wise*
Joseph P. Hamilton*
Lara J. Dueppen*
Courtney M. Prochnow*
1888 Century Park East, Suite 1700
Los Angeles, CA  90067-1721
(310) 788-9900

Nathan Kelley*
700 13th Street, NW, Suite 800
Washington, DC  20005-3960
(202) 654-6200

Kyle R. Canavera*
11452 El Camino Real, Suite 300
San Diego, CA  92130-2080
(858) 720-5700

W. Matthew Pierce*
1900 Sixteenth Street, Suite 1400
Denver, CO  80202-5255
(303) 291-2300

*Pro hac vice admission pending

Dated:  December 14, 2022

*Attorneys for Take2 Technologies Limited and The Chinese University of Hong Kong*

29959239.1